# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Equino

v.

Jefferson Industrial
Medical Clinic, P.C., et al.

March 13, 1987

Case No. (Law) 11102

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on the Defendants' Motion to Dismiss and Plea of the Statute of Limitations. The basis for the motion and the plea is found in Code of Virginia, § 8.01-581.2, which prohibits any action for malpractice against a health care provider unless the health care provider is notified in writing by registered or certified mail prior to the commencement of the action. The statute is designed to afford the health care provider an opportunity to request a medical malpractice review panel. It is clear from the pleadings and the argument of counsel that no such notice was sent to either defendant is this cause.

Plaintiff responds by indicating that her action is not one for medical malpractice; that no notice was required and that the matter was brought within the applicable period of limitation.

For reasons contained in this opinion, the Motion and Plea of Statute of Limitations must be granted in part and denied in part.

Plaintiff has brought suit against Spence, individually, for intentional infliction of emotional harm and

battery. While there are allegations against Spence of "unprofessional" conduct, the gravamen of the action is unpermitted touching and indecent liberties. Such actions do not fall within the definition of medical malpractice found at Code of Virginia, § 8.01-581.1, which defines malpractice as "any tort based on health care or professional services rendered. . . ." It is clear that the Legislature did not intend for every tort committed by a health care provider to be covered by this Act. For these reasons the Motion to Dismiss this suit as against the individual Spence will be denied. Likewise, the Defendant Spence's Plea to the Statute of Limitations will be denied without prejudice to him to raise the statute of limitations on other grounds and upon an appropriate showing.

The situation is, however, different with respect to the Defendant Jefferson Industrial Medical Clinic. The causes of action asserted against this Defendant, namely, negligent hiring and negligent supervision of employees, are torts which are directly based upon the provision of health care or related professional services to the Plaintiff. The Court finds that notice as required by Section 8.01-581.2 was not given.

Plaintiff argues that even if notice of claim was required, the proper remedy would be abatement of the action to permit the filing of the notice rather than dismissal. She relies on the case of *Schepps et al. v. Presbyterian Hospital of Dallas*, 652 S.W.2d 934 (Texas, 1983). Plaintiff's argument fails to take into account the difference between the Texas statute and the Virginia statute. In Virginia § 8.01-581.2 provides that "no action may be brought. . . ." This is a clear legislative mandate that the court is without jurisdiction over a matter which is brought in violation of this section. This language is clearly distinguishable from the Texas statute which stated simply that a person asserting a claim "shall give written notice of such claim by certified mail . . . ." See Vernon's Ann. Texas Civil Statutes, Article 4590i, § 4.01(a). The Court in *Schepps* interpreted the Texas statute as being a provision to encourage pre-suit negotiation and settlement. Further, the Legislature in Texas directed that this be done in a manner which would not unduly restrict the claimant's rights.

No such language appears in the Virginia statute and it is clear that the purpose of the Virginia statute is to prevent the bringing of such an action prior to the notification in writing.

For these reasons, the Motion to Dismiss the Defendant Jefferson Industrial Medical Clinic, P.C., will be granted.